WILLIAM E. FRENCH, JR., Petitioner, *v.* ROGER W. CRIST, as Warden of the Montana State Penitentiary, Respondent.

No. 12741.
Decided April 29, 1974.
533 P.2d 288.

ORDER

PER CURIAM:

Petitioner in this original proceeding seeks an appropriate writ to permit him to secure psychological and psychiatric tests and treatment pending the hearing on his appeal from his conviction of second degree murder. Following an ex parte

presentation by petitioner's counsel the Court ordered an adversary hearing to be held. Upon the date fixed therefor counsel for petitioner and for the State of Montana were present and orally argued the matter and it was by the Court taken under advisement.

The Court having considered the petition, briefs and argument, and believing that the tests and treatment might be advantageous to petitioner's health, hereby directs the same to be permitted under the following terms and conditions:

1. That no expense shall be incurred by the State of Montana for care, treatment, transportation or attendant guard or guards, but all expense of every kind and description shall be borne by petitioner personally.

2. That Warden Roger W. Crist of the Montana State Penitentiary designate one of his staff to transport peitioner to the Mount Airy Psychiatric Center in Denver, Colorado, and deliver him into the care and custody of that institution's security ward where he will be under treatment of Edward J. Delehanty, M.D., for such period of time, not exceeding six months, as the doctor feels progress is being made in such treatment. In this connection petitioner shall deliver over to the Warden sufficient funds to cover the expense of transportation, etc., including return at the conclusion of treatment or when ordered by this Court.

3. The Mount Airy Psychiatric Center shall furnish a receipt and assurance in writing that to the best of their ability they will hold petitioner in custody until such treatments are completed or the further order of this Court.

4. Petitioner shall sign a waiver of extradition and consent that upon the further order of this Court he may be immediately and forthwith returned to the custody of the Warden hereinbefore specified.

5. Should petitioner not respond to care and treatment at the Denver institution or for any other reason it is desired that he be returned, this Court on its own motion or upon request therefore, will order such return.

6. On or before September 1, 1974, this Court shall be furnished with a written medical report and prognosis on petitioner's mental condition.

7. Should petitioner violate any of the conditions of this Order he consents and agrees that he may be immediately returned to the Montana State Prison if so ordered by this Court.